OWEN, Circuit Judge,
concurring.
I fully join Judge Southwick’s opinion, in which he concludes that Kaye Krajca is entitled to qualified immunity. However, I note only that there is an argument asserted by Wilbert Lee Henson’s estate and heirs that Judge Southwick’s opinion does not consider. That argument is that Krajca’s supervisor, Dr. Bolin, intimidated her and other nurses to such an extent that she refrained from sending Henson to the emergency room or from calling Dr. Bolin at home over the Thanksgiving weekend preceding Henson’s death. The Henson claimants assert that Krajca had previously caused the death of another inmate, Jason Ray Brown, by failing to send him to the hospital when he had a serious medical condition. These allegations, and the summary judgment facts adduced to support it, fail to raise a material fact question because there is no evidence that Krajca’s treatment of Henson rose to the level of a constitutional violation of his rights. For the reasons that Judge Southwick’s opinion sets forth, there is no evidence that at the points in time that Krajca attended Henson, she exhibited a wanton disregard for his serious medical needs. Allegations that amount to allegations of negligent treatment do not constitute a claim that would defeat official immunity.